1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FRITZ ALFRED ERHARDT,                      No.  2:16-cv-1002 KJN P

12                    Petitioner,

13          v.                                    ORDER

14    RAYTHEL FISHER, JR.,

15                    Respondent.

16

17          Petitioner is a state prisoner, proceeding without counsel.  On May 11, 2016, petitioner

18    filed a petition for writ of habeas corpus, but the petition is signed by J.D. Kreuzberg, "as power

19    of attorney for Fritz Erhardt."  (ECF No. 1 at 15.)  A copy of a recorded general power of attorney

20    signed by Mr. Erhardt on March 14, 2015, is appended to the petition.  (ECF No. 1 at 16.)

21    However, the power of attorney was granted to an individual by the name of "Darry Kruzberg."

22    (Id.)  The recorded power of attorney was to be mailed to "Darry Kreuzberg."  (Id.)

23          Rule 11 of the Federal Rules of Civil Procedure requires that every pleading must be

24    signed "by a party personally if the party is unrepresented."  Id.  Even if J.D. Kreuzberg is the

25    same person as "Darry Kruzberg," Mr. Kreuzberg is not an attorney licensed to practice law in

26    the state of California.  He cannot file actions, sign pleadings for, or act on behalf of petitioner,

27    even with a power of attorney.  Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997)

28    ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an

                                                    1

attorney for others than himself.") (citations and internal quotation marks omitted); see also

Drake v. Superior Court, 21 Cal. App. 4th 1826, 26 Cal. Rptr.2d 829 (Cal. Ct. App. 1994);[1] Ryan

v. Hyden, 2012 WL 4793116, *4 (S.D. Cal. Oct. 9, 2012) (nonlawyer son with power of attorney

for parents could not draft pleadings and pursue claims on their behalf as it constituted the

unauthorized practice of law under California law; complaint dismissed); Lomax v. City of

Antioch Police Officers, 2011 WL 4345057, *3-4 (N.D. Cal. Sept. 14, 2011) (uninjured father

acting as attorney-in-fact for injured son lacked standing to bring complaint on behalf of son and

other family members for their injuries; power of attorney did not permit father to engage in the

unauthorized practice of law; motion to dismiss complaint granted).

Because it appears that petitioner and Mr. Kreuzberg were under the misapprehension that

Mr. Kreuzberg could sign the pleading on petitioner's behalf, petitioner is granted a brief period

of time in which to correct the error.  Fed. R. Civ. P. 11.  Petitioner may submit a signed signature

page to be added to the petition.  Petitioner is cautioned that he must not delay submitting the

executed signature page.[2]  Failure to submit the signature page will result in an order striking the

instant petition, which may result in the dismissal of this action.

////

////

---

[1]  Even though the power of attorney authorized Drake to act as agent for his principal in litigation, the court in Drake found that the unlicensed practice of law is categorically prohibited in California, and the Power of Attorney Act did not provide an exception to this rule.  Long before passage of the Power of Attorney Act, the law distinguished between an attorney in fact and an attorney at law, and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law.  Drake, 26 Cal.Rptr.2d at 831.  If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation. Id. (internal citations and quotations omitted).  Drake at 831.  Therefore, the court concluded, Drake could not "use the statutory form power of attorney as a device to practice law for his principal."  Id. at 832-33.

[2]  Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).  By this order, the court makes no finding or representation that the petition is not subject to dismissal as untimely.  Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to send petitioner page 16 from the AO-0241 form petition for writ of habeas corpus (revised 01/15) from the JNET; and

2.  Within fourteen days from the date of this order, petitioner shall submit a signed signature page to be added to the petition.

Dated:  May 19, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/erha1002.poa

3