UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZ ALFREDO ERHARDT, | No. 2:16-cv-1002 JAM KJN P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| RAYTHEL FISHER, JR., | |
| Respondent. | |

    Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 6, 2016, respondent filed a motion to dismiss the petition because the petition contains a claim of ineffective assistance of counsel which is unexhausted. Petitioner has not filed an opposition to the motion. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Because petitioner's fourth claim alleging ineffective assistance of counsel was not exhausted, petitioner must decide whether to proceed on his exhausted claims, or he must file a motion for stay that identifies the type of stay he seeks. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted

1  claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in
2  intentionally dilatory litigation tactics." Id., 544 U.S. at 278.  The Supreme Court has made clear
3  that this option "should be available only in limited circumstances." Id. at 277.  Moreover, a stay
4  that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed
5  on a petitioner's return to state court.  Id. at 277-78.

6       "Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that
7  in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals
8  of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay
9  and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.  The
10 Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an
11 "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).
12 Several district courts have concluded that the standard is more generous than the showing
13 needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d
14 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds
15 support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable
16 confusion" about the timeliness of his federal petition would generally constitute good cause for
17 his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544
18 U.S. 408, 416-17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the
19 Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the
20 impression" that his counsel had raised all claims before the state court of appeal.  Wooten, 540
21 F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument "would
22 render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that
23 district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten, 540 F.3d at
24 1024.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable
25 component of the Rhines test," and that although "a bald assertion cannot amount to a showing of
26 good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,
27 will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).
28 ////

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.

Unless petitioner is granted a motion to stay, the court must proceed solely as to the exhausted claims one through three. If petitioner seeks to file a motion for stay under Rhines, he must file a motion for stay and address all of the Rhines elements set forth above. If petitioner seeks to stay this action under Kelly, petitioner is warned that the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005). If petitioner chooses to seek a stay under Kelly, he must file an amended petition raising only exhausted claims one through three.

Petitioner is granted thirty days in which to notify the court how he wishes to proceed. However, petitioner is cautioned that he should not unduly delay the exhaustion of his fourth claim in state court. A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

////

////

4

Finally, petitioner is cautioned that failure to timely respond to this order will result in an order granting the motion to dismiss, and the action will proceed solely on petitioner's exhausted claims one through three.[2]

Good cause appearing, IT IS HEREBY ORDERED that petitioner show cause, within thirty days, why his failure to oppose respondent's motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion, and he shall file an opposition.  Petitioner is cautioned that failure to respond to the instant order, or to file an opposition to the pending motion to dismiss, will result in an order striking the unexhausted claim four, and proceeding on exhausted claims one through three.

Dated:  November 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/erha1002.46hab

---

[2] Such failure to respond risks forfeiting consideration of any claims presently unexhausted.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.  Of course, if petitioner exhausts his fourth claim during the pendency of this action, petitioner may seek leave to amend his petition at that time to include such newly-exhausted claims.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition).