UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZ ALFREDO ERHARDT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAYTHEL FISHER, JR.,<br><br>　　　　　Respondent. | No. 2:16-cv-1002 JAM KJN P<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

I. <u>Introduction</u>

　　　　Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 6, 2016, respondent filed a motion to dismiss, alleging that the petition contains a claim of ineffective assistance of counsel which is unexhausted. Petitioner did not file an opposition to the motion. On November 16, 2016, petitioner was ordered to show cause, within thirty days, why his failure to oppose respondent's motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion, and ordered him to file an opposition. In addition, petitioner was informed of the two procedures for seeking a stay and abeyance, and given thirty days in which to notify the court how he wishes to proceed. (ECF No. 14 at 4.) Petitioner was cautioned that failure to timely respond would result in an order granting the motion to dismiss, and the action would proceed solely on petitioner's exhausted claims one through three. (ECF No. 14 at 5.)

Thirty days have now passed, and plaintiff has not filed an opposition to the motion to dismiss, a motion for stay, or otherwise responded to the order to show cause. Good cause appearing, respondent's motion to dismiss should be granted, and petitioner's fourth claim should be stricken from the petition based on petitioner's failure to exhaust state court remedies.

II. Procedural History

Following jury trial, petitioner was convicted in the El Dorado County Superior Court on two counts of lewd and lascivious acts upon a child under fourteen years old, and one count of continuous sexual abuse of a child. Petitioner was sentenced to sixteen years in state prison.

On November 20, 2014, petitioner's conviction was affirmed. The California Court of Appeal for the Third Appellate District found that (a) the trial court abused its discretion by denying admission of lay opinion testimony that petitioner's character was inconsistent with being a sexual deviant, but found the error was not prejudicial; (b) the trial court did not abuse its discretion by denying petitioner's second application to have a second psychiatric evaluation for trial; (c) there was no cumulative error; and (d) the trial court did not abuse its discretion in denying petitioner probation. (Respondent's Lodged Documents ("LD") No. 1.)

Petitioner filed a petition for review in the California Supreme Court which was denied on February 11, 2015. (LD Nos. 2-3.)

On May 11, 2016, the instant federal petition was filed. (ECF No. 1.)

III. Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 153 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

IV. The Federal Petition

Petitioner challenges his state convictions on four grounds:

1. The trial court's error in refusing to admit the lay opinion testimony of his character trait of not being a sexual deviant was prejudicial error in violation of his right to due process. (ECF No. 1 at 18-19.)

2. Trial court violated his Sixth and Fourteenth Amendment Rights to a fair trial, the effective assistance of counsel and due process by refusing to authorize a second psychiatric examination. (ECF No. 1 at 20-21.)

3. The cumulative effect of trial court errors violated his Fourteenth Amendment right to due process. (ECF No. 1 at 22-23.)

4. Petitioner was denied the effective assistance of counsel at trial for his counsel's failure to present his wish to fire the attorney to the trial judge and for failing to present evidence relating

to the victim's character and background, all in violation of rights to due process and a fair trial. (ECF No. 1 at 24.)

V. Discussion

The petition for review reflects that petitioner raised only the first three issues to the California Supreme Court. (LD No. 2 at 2-15.) Petitioner did not fairly present his fourth ground to the California Supreme Court in the petition for review because petitioner did not describe either the operative facts or the federal legal theory on which his fourth claim is based. Gray, 518 U.S. at 153. Thus, petitioner has not exhausted his state court remedies as to his fourth claim. As petitioner was warned in the court's order to show cause, this action will now proceed solely on petitioner's first three claims.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that the order to show cause (ECF No. 14) is discharged; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted;

2. The Clerk of the Court be directed to strike petitioner's fourth ground from the petition (ECF No. 1 at 10, 24); and

3. Respondent be ordered to file a responsive pleading to grounds one through three of the petition within sixty days from any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/erha1002.mtd.fte.hc